## KENNEDY et al. v. SHERMAN.

No. 12877—Opinion Filed July 1, 1924.

**Appeal and Error—New Trial—Prejudicial Orders—Reversal.**

Where a court tried a case and the jury found the issues for the plaintiffs and judgment was entered on their verdict and the defendant filed a motion for a new trial, which was overruled, and the defendant gave notice of appeal and took time to prepare and serve case-made and time for supersedeas bond, and just before the time for serving case-made had expired the attorneys for the defendant filed a motion to set aside the order overruling the motion for a new trial and without any notice of said motion on the plaintiffs or their attorneys, the court took such proceedings ·as to set aside the order overruling the motion for new trial and made other orders in the case prejudicial to the plaintiffs without plaintiffs having notice or being present at the hearing of said proceedings, this court will reverse the order of the court setting aside the order denying a new trial and remand the case, with instructions to vacate all orders made after the order overruling the motion for new trial was made and the record made up for appeal.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by J. W. Kennedy and D. Kennedy against Ben Sherman. From judgment granting defendant a new· trial, plaintiffs appeal. Reversed and remanded, with directions.

This action was begun on the 17th day of April, 1918, by filing a replevin suit before H. J. Brown, justice of the ·peace of the city of Ada. The plaintiffs in their affidavit for replevin state that they are the owners entitled to possession of four cows and their calves, setting out the value of each animal, and all of the total value of $195. A trial was had before said justice of the peace and judgment rendered for the plaintiffs. The defendant appealed to the district court of Pontotoc county, Okla., and on the 20th day of October, 1920, a trial was had before the court and a jury, which

resulted in a verdict for the plaintiffs for the possession of the cows and calves sued for, or the value in the sum of $195. Judgment was entered upon the verdict of the jury, and on the 21st of October, 1920, motion for new trial was filed by the defendant; and on the 21st day of January, 1921, the court made an order overruling said motion for new trial. The defendant gave notice of appeal to the Supreme Court, and the court allowed 60 days to prepare and serve case-made, the opposite side 5 days to suggest amendments, and the case to be settled on 3 days notice by either party, and the defendant given 30 days to file supersedeas bond. On the 8th day of March, 1921, defendant filed a motion which, omitting the formal parts, reads as follows:

"Comes now the defendant, above named, Ben Sherman, and moves the court to set aside and hold for naught the orders of this court heretofore made on the 22nd day of January, 1921, overruling motion of defendant herein for a new trial in the above entitled and numbered cause."

No notice was given the plaintiffs or their attorneys, no supersedeas bond was ever filed in the case, and on the 9th day of March, without notice to the plaintiffs or their attorneys, an order was filed in the office of the clerk staying execution pending a hearing on the motion filed by the defendant for a new trial, and continuing the case until the October term, 1921. The October term, 1920, expired on the 31st day of March, 1921, and the April term of said court began on the first Monday in April, 1921. On the 16th day of April, 1921, there was an order filed in the clerk's office, which, omitting the formal parts, reads as follows:

"On this 8th day of March, 1921, there coming on before the court the motion of the defendant herein, Ben Sherman, to vacate and set'aside the order of this court heretofore made denying and overruling the motion of the defendant herein for a new trial, and the court being duly advised in the premises and being of opinion that said order should be vacated and set aside and defendant's motion for a new trial continued for further hearing to the October term of this court.

"It is therefore considered, ordered and adjudged that the order of the court heretofore made overruling the motion of the defendant herein for a new trial, be and the same is, hereby set aside and it is further ordered and adjudged that the hearing on defendant's motion for a new trial be and the same is hereby continued to the October, 1921, term of this court for a hearing."

The plaintiffs had no notice of the filing of this order or that such order has been made. At the bottom and on the same sheet of paper, this motion appears in the handwriting and over the signature of the trial judge:

"This was what was meant, have evidence under consideration that was not available to defendant at trial. Might handle this with more in.ormation than a judge who never heard the case and don't think the judge should molest in this case. Let this stay on order."

"J. W. Bolen."

On the 4th day of June, 1921, notwithstanding the order filed on April 16, the court took up the motion for new trial, which had been overruled on the 21st day of January, setting aside the former order overruling the motion for new trial, and on said 4th day of June, the court granted a new trial in the case, and it is from this order granting a new trial that this appeal is prosecuted.

Robt. Wimbish and W. C. Duncan, for plaintiffs in error.

Arden L. Bullock, for defendant in error.

Opinion by MAXEY, C. The proceedings in this case, as shown by the record, were regular up to the time of overruling of the motion for new trial on January 21, 1920, but the proceedings since that time are so unusual and irregular that we are somewhat at a loss to say what should be done with this case. In order to get that part of the record in which these irregularities occur before us, we will state them in their order:

(1) Motion for new trial filed October 21, 1920 (page 71. case-made).

(2) Order overruling motion for new trial filed January 21, 1921 (page 76, case-made).

(3) Motion to vacate order overruling motion for new trial, filed March 8, 1921 (page 78, case-made).

(4) Order setting aside and vacating order overruling motion for new trial (case-made, page 82), March 8, 1921.

(5) Order staying execution pending determination of the court on motion for a new trial (page 80, case-made), March 9, 1921. Filed April 16, 1921.

(6) Order granting new trial, June 4, 1921 (case-made, page 85).

The motion to vacate the order overruling the motion for new trial, omitting the caption, is as follows:

"Comes now the defendant, above named Ben Sherman, and moved the court to set aside and hold for naught the orders of this court heretofore made on the 22nd day of January, 1921, overruling motion of defendant herein for a new trial in the above entitled and numbered cause."

This seeks to set aside an order made on the 22nd day of January, 1921, overruling the motion for new trial. This evidently is a mistake and is intended to be directed against the order entered on the 21st day of January, 1921. But what is this document, called motion, to set aside the order overruling motion for new trial? It does not state any reason why the order should be set aside and can hardly be called a motion, because motions are usually based upon some ground or reason for the court acting. But here no ground or reason is given, but for some reason, unknown so far as the record shows, it was acted on by the trial court, and without notice to plaintiffs or their attorneys. It would seem that the plaintiffs were at least entitled to notice of the filing of this motion and the subsequent proceedings. The order made on the 8th day of March staying further proceedings until the October term was not filed in the clerk's office until the 16th day of April, and we are inclined to think that this order was not made until the 16th day of April, 1921. We cannot see any reason if the order was made on the 8th day of March why it should have been held up and not placed of record until the 16th day of April. The addenda to this order made by the judge in his own hand writing is also mysterious, and then the taking up of the motion for new trial on the 4th day of June, 1921, after it had been continued until the October term is another matter we cannot understand. We are loath to impugn the motive of the court or counsel for defendant. But when the defendant concluded to file a motion to set aside the order overruling the motion for new trial made on January 21, 1921, the orderly way would have been to have served counsel for plaintiffs with a copy of said motion, and they should have had notice of all proceedings thereafter. They placed the plaintiffs in such a position that the only thing they could do to correct the irregularities was to appeal. While the court had a right to make such orders as it deemed proper during the term, they should not have been made without notice to counsel for plaintiffs, and we hold that the irregularities in the proceedings, after the order overruling the motion for new trial on Jan-

uary 21, are so irregular as to amount to error, for which the case should be reversed and remanded, with directions to the court below to vacate and set aside all proceedings had in said case after January 21, 1921, and leave the case in exactly the condition it was in after the order overruling the motion for new trial was entered on January 21. 1921.

By the Court: It is so ordered.